Filed 10/23/24  P. v. Luke CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONNY RAY LUKE,<br><br>    Defendant and Appellant. | B330578<br><br>(Los Angeles County<br>Super. Ct. No. BA474197) |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Reversed and remanded with directions.

Alice Newman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles Lee and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ronny Ray Luke, Jr. (defendant) appeals the order denying his petition brought pursuant to Penal Code former section 1170.95[1] without issuing an order to show cause.  Defendant contends the trial court erred in relying on the preliminary hearing transcript, erroneously considered inadmissible hearsay, engaged in impermissible factfinding and erroneously relied on defendant's admission to a personal firearm use allegation, to conclude he was the actual and sole perpetrator.  Defendant further contends these errors resulted in a violation of defendant's due process rights under the California Constitution.

Finding defendant's hearsay, impermissible factfinding, and firearm contentions have merit, we reverse the court's order and remand with directions to issue an order to show cause and conduct a hearing pursuant to section 1172.6, subdivision (d)(3).

## BACKGROUND

### Prior proceedings

After a preliminary hearing defendant was charged with the willful, deliberate and premeditated attempted murder of Jonathan McDaniel in violation of sections 187, subdivision (a) and 664 (count 1), shooting at an occupied motor vehicle in violation of section 246 (count 2), and possession of a firearm by a felon in violation of section 29800, subdivision (a)(1) (count 3.)  As to counts 1 and 2, it was alleged pursuant to section 186.22,

---

[1]     All further unattributed code sections are to the Penal Code unless otherwise stated.  Former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We refer to the current section 1172.6 in this opinion.

subdivision (b)(1)(C) the charged offenses were committed for the benefit of or in association with a criminal street gang. It was further alleged as to count 1 that defendant personally used and intentionally discharged a firearm in the commission of the crime within the meaning of section 12022.53, subdivision (c), and he personally used a firearm within the meaning of section 12022.5, subdivision (a). As to all counts it was alleged defendant had suffered a prior serious or violent felony conviction, subjecting him to punishment under section 667, subdivision (a), and under the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12).

At the preliminary hearing Hassan Vatadi testified that while he was taking a break around 10:00 a.m. he noticed a Camaro and a Kia parked on the same side of the street as the store where he worked and a silver Mercedes parked across the street. The Camaro driver crossed the street and the Kia moved next to the Mercedes when Vatadi heard two, maybe three, gunshots and "watch [*sic*] Mercedes shot some guys." The store's surveillance video was provided to the police.

Los Angeles Police Officer Javier Tafoya testified the video mostly matched what the witness told him, but nothing on the video indicated when gunshots were fired. He did not testify that the video showed who fired shots. Detective Patrick Lane testified to his view of the video where he saw after the Kia pulled up to the Mercedes, a visible reaction from two of the people near the store who crouched suddenly. One person retreated into the store, and the other rode away on his bike.

The officers testified regarding their conversations with McDaniel (driving the Kia) and his father-in-law Cornell Tisdale (driving the Camaro). Tisdale told one officer the shooter was "Lil Snowman from [the] 40's, Little Ronny." Photographs of

persons bearing those monikers were found, including defendant's, and were placed in a photographic lineup from which Tisdale identified defendant's photograph as the person who fired toward McDaniel. Later police found and searched a silver Mercedes containing defendant's driver's license and a money transfer receipt in his name under the front seat.

On April 17, 2019, defendant entered a plea of no contest to amended count 1 of attempted murder. Defendant admitted both the gang allegation and the allegation that he personally used a firearm within the meaning of section 12022.5, subdivision (a). Defendant also admitted having a prior conviction of shooting at an inhabited dwelling in violation of section 246 on December 6, 2016. For a factual basis for the plea counsel stipulated to the police report, probation report, preliminary hearing transcript, and discovery. Defendant was sentenced to a total prison term of 24 years, consisting of the low term of five years for count 1, doubled as a second strike, and an additional 14 years in firearm and gang enhancements. The sentencing court dismissed the remaining counts and allegations.

**Section 1172.6 petition**

In February 2023 defendant filed a petition for vacatur of his attempted murder conviction and for resentencing pursuant to section 1172.6. Section 1172.6, provides a procedure to petition for retroactive vacatur and resentencing for those who could not be convicted of murder under sections 188 and 189 as amended effective January 1, 2019. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, were amended "to ensure that murder liability is not imposed on a person who is not the actual

4

killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Effective January 1, 2022, the resentencing procedure was extended to those convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2; see § 1172.6, subd. (a).)[2] The procedure applies "only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Natural and probable consequences liability requires an accomplice and thus does not apply to persons convicted of attempted murder as the sole perpetrator. (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456, 459.)

Defendant's petition alleged the three conditions for relief specified in section 1172.6, subdivision (a) as follows: the charging document filed against him for attempted murder allowed the prosecution to proceed under a felony murder theory, the natural and probable consequences doctrine, or other theory under which malice can be imputed based solely upon his participation in a crime; defendant was convicted of attempted murder after accepting a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and he could not presently be convicted of attempted murder because of changes to

---

[2] "[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense)." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.)

5

section 188 or 189 made effective January 1, 2019. As defendant's petition adequately alleged the three required conditions, the trial court appointed counsel for defendant and ordered briefing by both parties.

On May 17, 2023, after reviewing the parties' briefs, the preliminary hearing transcript, and hearing the argument of counsel, the trial court denied the petition upon finding defendant was ineligible for relief under section 1172.6 as a matter of law, because he admitted he used a firearm, as alleged pursuant to section 12022.5, subdivision (a).

The trial court issued a memorandum of decision the same day. The court extensively summarized the preliminary hearing transcript, including the testimony of Vatadi, and law enforcement officers who recounted witness statements. The court referred to defendant's admission he used a firearm, which the court construed to be an admission by defendant he personally fired a weapon at the victim. The court found this conclusion was supported by the absence of any suggestion there was another perpetrator or that defendant was an aider and abettor.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

### I.     The preliminary hearing transcript

Defendant contends the trial court erred by relying on the preliminary hearing transcript, engaging in improper factfinding, and in considering inadmissible hearsay evidence to conclude he had not made a prima facie showing of eligibility under section 1172.6.

The prima facie determination is a question of law. (*People v. Flores* (2022) 76 Cal.App.5th 974, 989, 991 (*Flores*), citing *Lewis, supra*, 11 Cal.5th at p. 966.) We thus independently review the trial court's prima facie determination that a petitioner is ineligible for section 1172.6 relief as a matter of law. (*People v. Coley, supra*, 77 Cal.App.5th at p. 545.)

If a defendant's petition is facially sufficient, the trial court would properly appoint counsel, entertain briefing, and proceed to the order to show cause hearing to determine whether defendant had made a showing of eligibility under section 1172.6, subdivision (c). (*Lewis, supra*, 11 Cal.5th at pp. 957, 960, 971; see *People v. Strong* (2022) 13 Cal.5th 698, 708.) At this stage, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) Although a court is permitted to consider the petitioner's record of conviction in making its determination, "the prima facie inquiry . . . is limited. . . . "'[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.""" (*Ibid*.)

"'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra*, 11 Cal.5th at p. 971.) However, the trial court may deny the petition at the prima facie stage of the proceedings only when the facts in the record of conviction *conclusively* refute the allegations of the petition. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) And it must do so

7

without resort to "'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 974.)

The preliminary hearing transcript is part of the record of conviction (*Flores*, *supra*, 76 Cal.App.5th at p. 989, fn. 11), but as the parties acknowledge, there is disagreement among Courts of Appeal on whether a trial court may consider the preliminary hearing transcript at the prima facie stage under section 1172.6 when the conviction was based upon a plea.[3]

We agree with the decisions holding that in plea cases the preliminary hearing transcript is part of the record of conviction and may be considered at the prima facie stage if it establishes ineligibility as a matter of law. (See, e.g., *Pickett, supra*, 93 Cal.App.5th at p. 990, review granted; *Patton, supra*, 89 Cal.App.5th at p. 657, review granted; *Flores, supra*, 76 Cal.App.5th at p. 989 & fn. 11, 991-992.) However, we also agree with defendant that the hearsay testimony of law enforcement officer presented at the preliminary hearing may not be considered at the prima facie review stage.

---

[3] The issue is still pending before the California Supreme Court in *People v. Patton* (2023) 89 Cal.App.5th 649 (*Patton*), review granted June 28, 2023, S279670, in which the court stated the issue as follows: "Did the trial court engage in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny defendant's Penal Code section 1172.6 petition at the prima facie stage? (See *People v. Lewis* (2021) 11 Cal.5th 952.)" (*People v. Patton, supra*, 2279670 [Supreme Court Web site case summary].) The same issue is before the court in *People v. Pickett* (2023) 93 Cal.App.5th 982 (*Pickett*), review granted October 11, 2023, S281643 (held for decision in *Patton*), and *People v. Mares* (2024) 99 Cal.App.5th 1158, review granted May 1, 2024, S284232 (same).

Section 1172.6, subdivision (d)(3) provides that at an evidentiary hearing on a section 1172.6 petition, "hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." The People argue that section 1172.6, subdivision (d)(3) applies only to the evidentiary hearing, and hearsay must therefore be admissible at the prima facie stage. However, "[o]nly where the record of conviction contains facts *conclusively* refuting the allegations in the petition may the court make credibility determinations adverse to the petitioner" (*Flores, supra*, 76 Cal.App.5th at p. 991); and the People do not explain how hearsay evidence that would be inadmissible in an evidentiary hearing could *conclusively* refute the allegations in the petition. We agree with cases pointing out that although section 1172.6, subdivision (d)(3) applies only at the evidentiary hearing, it is incongruous to allow the trial court to rely on hearsay testimony at the prima facie review stage to deny a petitioner relief but bar the use of the same evidence at the evidentiary hearing.

Here, most of the preliminary hearing testimony was given by police officers who recounted conversations with witnesses and described the evidence they found as a result. The People do not claim any applicable exceptions to the hearsay rule, but suggest it is unnecessary to rely on the officers' hearsay testimony because the plea and preplea record shows as a matter of law that the prosecution did not rely on any theories of attempted murder invalidated by Senate Bill No. 1437 (2017-2018 Reg. Sess.). The People suggest that by pleading no contest defendant admitted facts showing he was the sole perpetrator. As no

9

reporter's transcript of the plea was found by the superior court, a transcript has not been included in the record on appeal. However, the minutes of the plea hearing state, "*Counsel stipulate to a factual basis on police report, probation report, preliminary hearing transcript, and discovery.*" (Italics added.) No specific facts are described. "[A]bsent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes'" and does not "preclude relief under section [1172.6]." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235, 234 (*Rivera*).)

The People also contend because there was no testimony or suggestion at the preliminary hearing of any other occupants in defendant's vehicle, this absence of evidence amounted to uncontroverted evidence defendant was the only one who fired shots at the victim. In support the People cite three section 1172.6 cases in which preliminary hearing evidence contained uncontroverted evidence the courts deemed admissible to show that the petitioner was the sole perpetrator, giving rise to the petitioner's obligation to offer a theory or facts that might have suggested otherwise. The People cite *Patton, supra*, 89 Cal.App.5th at pages 657-658, review granted, where surveillance video showed the petitioner as the sole shooter, and *Pickett*, *supra*, 93 Cal.App.5th at page 986, review granted, where there was uncontested preliminary hearing testimony of two witnesses who saw the petitioner with the victim for several minutes before firing a gun into the air, and, as they ran away, heard two more shots and saw the victim on the ground. In addition, the petitioner later said he would shoot anyone who "'snitched.'" (*Ibid.*) In the third case, *People v. Mares, supra*, 99 Cal.App.5th

10

at pages 1161, 1167-1168, review granted, police testimony in the preliminary hearing transcript recounted the petitioner's admissions that he stabbed the victim and acted alone. In sum, the cited cases did not require the petitioners to produce evidence or make an offer of proof due to an absence of evidence but did so due to the *existence* of uncontroverted evidence that they acted alone.

Here, the People do not point to any nonhearsay preliminary hearing testimony that provides evidence defendant was the sole perpetrator. Defendant's petition adequately alleged he was charged under the natural and probable consequences doctrine or other theory under which malice can be imputed based solely upon his participation in a crime, and he could not presently be convicted of attempted murder because of changes to section 188 or 189 made effective January 1, 2019. We conclude that drawing inferences from the *absence* of evidence would amount to improper factfinding and cannot refute those allegations as a matter of law.

## II.    Effect of firearm enhancement

Defendant contends the trial court erred in finding him ineligible for relief under section 1172.6 as a matter of law because he admitted the allegation of having personally used a firearm.

We agree that defendant's admission to personal use of a firearm does not, by itself, establish he was the actual perpetrator or otherwise disqualify him for relief under section 1172.6 as a matter of law. (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120 [a finding of personal use of a gun "would not in itself prove defendant was the actual killer"]; see also *People v. Berry* (1993) 17 Cal.App.4th 332, 338 [vicarious or direct liability for

11

the underlying crime may result in § 12022.5 personal use enhancement].) Nor did the admission to the use of a firearm constitute an admission that defendant personally intended to kill when he used the firearm. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598.)

Defendant's admission thus does not show as a matter of law that defendant had no accomplices or that he personally fired all or any of the shots while personally harboring an intent to kill.

## III. Conclusion

In sum, neither defendant's plea nor admissible evidence showed he was the sole perpetrator and thus could not have been convicted under the natural and probable consequences doctrine. As we reverse the order, we do not address defendant's constitutional challenge.

## DISPOSITION

The order of May 17, 2023, denying defendant's section 1172.6 petition is reversed, and the matter is remanded with directions to issue an order to show cause and proceed with an evidentiary hearing pursuant to subdivision (d) of section 1172.6.

_____
CHAVEZ, J.

We concur:


_____     _____
ASHMANN-GERST, Acting P. J.      HOFFSTADT, J.

12